Mark Hanna
MURPHY ANDERSON PLLC
1401 K St. NW, Suite 300
Washington, DC 20005
Tel. (202) 223-2620
Fax (202) 296-9600

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UFCW LOCAL 464A; LOCAL 464A UNITED FOOD AND COMMERCIAL WORKERS UNION WELFARE SERVICE BENEFIT FUND; UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION LOCAL 464A PENSION FUND; and LOCAL 464A UNITED FOOD AND COMMERCIAL WORKERS UNION EDUCATION BENEFIT FUND, | Civil Action No.<br><br>**COMPLAINT FOR UNPAID UNION DUES AND BENEFIT FUND CONTRIBUTIONS AND ENFORCEMENT OF PLAN TERMS** |
| Plaintiffs, | |
| v. | |
| OLD TAPPAN FOOD, LLC; LIVINGSTON FOOD CORP.; 70 LINDEN FOOD, INC., | |
| Defendants. _____/ | |

COME NOW UFCW Local 464A ("the Union"), Local 464A United Food

and Commercial Workers Union Welfare Service Benefit Fund ("the Welfare

1

Fund"), United Food and Commercial Workers International Union Local 464A Pension Fund ("the Pension Fund"), and Local 464A United Food and Commercial Workers Union Educational Benefit Fund ("the Education Fund") (collectively, "the Funds"), by and through their respective officers and/or Trustees, and on behalf of each of them complain as follows:

## PARTIES

1. The Union is a labor organization that represents, among others, employees in the retail food industry in New Jersey.

2. The Welfare Fund is a joint labor-management-sponsored trust fund authorized by Sections 302(c)(5) and (8) of the Labor Relations Management Act ("LMRA"), established to provide health and welfare benefits to employees and their families, commonly known as a Taft-Hartley Fund, as well as an employee welfare benefit fund within the meaning of Section 3(1) of the Employee Retirement Income Security Act ("ERISA"), that provides a program of health, welfare, legal, and related benefits for its participants and beneficiaries. The Welfare Fund is funded through employer contributions made under collective bargaining agreements with the Union. The Welfare Fund is self-insured, paying benefits out of employer contributions made under collective bargaining agreements with the Union and any investment income generated by those contributions.

3. The Pension Fund is a joint labor-management-sponsored trust fund authorized by Section 302(c)(5) of the LMRA, established to provide pension benefits to employees and their families, commonly known as a Taft-Hartley Fund, as well as a multiemployer employee pension benefit fund within the meaning of Sections 3(2)(A) and 3(37)(A) of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), that provides a program of pension benefits for its participants and beneficiaries. The Pension Fund is self-insured, paying benefits out of employer contributions made under collective bargaining agreements with the Union and any investment income generated by those contributions.

4. The Education Fund is a joint labor-management-sponsored trust fund authorized by Section 302(c)(5) of the LMRA, established to provide educational benefits to employees and their families, commonly known as a Taft-Hartley Fund, as well as an employee welfare benefit fund within the meaning of Section 3(1) of ERISA, that provides a program of educational benefits for its participants and beneficiaries. The Education Fund is funded through employer contributions made under collective bargaining agreements with the Union. The Education Fund is self-insured, paying benefits out of employer contributions made under collective bargaining agreements with the Union and any investment income generated by those contributions.

5. Plaintiffs are the respective officers of the Union and Boards of Trustees of the Funds, and they bring this lawsuit in that capacity and on behalf of their respective entities to collect union dues that were deducted from employees' paychecks but not paid to the Union, as well as unpaid contributions, interest and liquidated damages due to the Funds.

6. Defendant Old Tappan Food, LLC is an employer within the meaning of Section 5 of ERISA and Section 2(2) of the LMRA, and an owner and operator of a retail grocery store in Old Tappan, New Jersey. Old Tappan ceased business operations on July 31, 2019.

7. Defendant Livingston Food Corp. is an employer within the meaning of Section 5 of ERISA and Section 2(2) of the LMRA, and an owner and operator of a retail grocery store in New Brunswick, New Jersey.

8. Defendant 70 Linden Food, Inc. is an employer within the meaning of Section 5 of ERISA and Section 2(2) of the LMRA, and an owner and operator of a retail grocery store in Yonkers, New York.

9. Defendants are properly joined pursuant to Fed. R. Civ. P. 20(b). The allegations arise out of the same transactions and common questions of law and fact will arise in this action.

10. John Estevez is the principal officer of each of the Defendants.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over Plaintiffs' claims pursuant to Section 301 of the LMRA, 29 U.S.C. §185, and Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and/or 28 U.S.C. §1332.

12. Venue is proper in this District pursuant to 29 U.S.C. §185, 29 U.S.C. §1132(e)(2) and/or 28 U.S.C. §1391(b), in that the Union maintains its principal office in this District, and Defendants operate its businesses and incurred its obligations to Plaintiffs in this District. Old Tappan and Livingston Food Corp. are headquartered in this District.

## FACTS

13. Each Defendant is a party to a collective bargaining agreement with the Union setting forth the terms and conditions of employment for certain of its employees at its store ("the Collective Bargaining Agreements").

14. The terms of the respective trust agreements establishing and governing each of the Funds ("the Trust Agreements") bind the Defendants to their respective terms and provisions, as well as the rules and regulations of the respective Funds.

15. Pursuant to the Collective Bargaining Agreements, the Defendants are required to deduct union dues and initiation fees from the paychecks of those

employees who have authorized said deductions, and to pay said monies to the Union.

16. Pursuant to the Collective Bargaining Agreements and the Trust Agreements, the Defendants are required to make timely contributions to the Funds for each and every employee covered by the Collective Bargaining Agreements, pursuant to procedures specified in the Collective Bargaining Agreements, the Trust Agreements, and/or the rules and regulations of the respective Funds.

17. The terms of the Collective Bargaining Agreements and the Trust Agreements require the Defendants to provide certain information to the Funds to ensure proper accounting of contributions and crediting of service for purposes of determining benefits.

18. The terms of the Collective Bargaining Agreements and Trust Agreements make the Defendants liable for interest and liquidated damages on unpaid and late paid contributions and for legal fees and court costs incurred because of such delinquency.

19. Old Tappan has deducted union dues since June 2019 from the paychecks of those employees who have authorized such deductions but has not paid them over to the Union.

20. Old Tappan has not paid contributions to the Funds for hours worked

by its employees in the Old Tappan store during the period March-July 2019.  Old Tappan now owes the Funds collectively $53,468.50 in delinquent contributions for its employees in the Old Tappan store.

21. Livingston Food Corp. has deducted union dues since July 2019 from the paychecks of those employees who have authorized such deductions but has not paid them over to the Union.

22. Livingston Food Corp. has not paid contributions to the Funds for hours worked by its employees in the Livingston Food store since July 2019. Livingston Food Corp. now owes the Funds collectively $4,736.00.

23. 70 Linden Food has deducted union dues since July 2019, from the paychecks of those employees who have authorized such deductions but has not paid them over to the Union.

24. 70 Linden Food has not paid contributions to the Funds for hours worked by its employees in the 70 Linden Food store since July 2019. 70 Linden Food now owes the Funds collectively $6,730.00.

25. The Defendants owe a collective total of $64,934.50 to the Funds.

26. On or about September 30, 2019, the Union and the Funds, by and through their authorized representative, served demands for payment of the union dues and delinquent contributions on the Defendants, and gave the Defendants 10

days to cure the delinquency or the Union and the Funds would institute collection proceedings against the Defendants.

27. The Defendants have not cured the delinquency owing to the Union and the Funds.

28. Livingston Food Corp. and 70 Linden Food have continued to deduct union dues from the paychecks of employees who have authorized such deductions without paying the dues to the Union, and to fail to timely pay contributions to the Funds as they have come due.

**FIRST CAUSE OF ACTION**
<u>**Unpaid Union Dues**</u>
**[29 U.S.C. § 185(a)]**

29. Plaintiffs the Funds incorporate the allegations of Paragraphs 1 through 28, inclusive, as though set forth herein in full.

30. The Collective Bargaining Agreements require each Defendant to deduct weekly union dues from the paychecks of employees covered by the respective Collective Bargaining Agreement with the Union, in the manner specified in the Collective Bargaining Agreement, and pay such union dues to the Union in the manner specified in the Collective Bargaining Agreement.

31. Each Defendant breached the terms of its Collective Bargaining Agreement by failing to timely pay to the Union dues deducted from the

employees' paychecks.

32. The amount of deducted but unpaid union dues owing to the Union is $1,844.28 as of October 16, 2019, with Old Tappan owing $1,517.76, Livingston Food Corp. owing $160.32, and 70 Linden Food owing $166.20 in unpaid union dues.

33. Livingston Food Corp. and 70 Linden Food's breaches of the Collective Bargaining Agreements are continuing violations, entitling the Union to relief for the entire period the Defendants have failed to pay to the Union dues deducted from the employees' paychecks up through expiration of the Collective Bargaining Agreements and/or entry of judgment in this matter, whichever occurs first.

## SECOND CAUSE OF ACTION
### Unpaid Fund Contributions
### [29 USC § 1145]

34. Plaintiffs the Funds incorporate the allegations of Paragraphs 1 through 28, inclusive, as though set forth herein in full.

35. The Collective Bargaining Agreements and the Trust Agreements require the Defendants to make timely payments of contributions to the Funds for each employee covered by the Collective Bargaining Agreements with the Union, in the manner specified in the Collective Bargaining Agreements, the Trust

Agreements, and/or the rules and regulations of the respective Funds.

36. Each Defendant breached the terms of its respective Collective Bargaining Agreement and the Trust Agreements by failing to timely pay contributions that are owed to the Funds.

37. Pursuant to the provisions of the Collective Bargaining Agreements and Trust Agreements, the Defendants are required to pay liquidated damages and interest on unpaid contributions, plus attorneys' fees and costs incurred by the Funds in collecting the unpaid contributions.

38. The amount of delinquent contributions due and owing to the Funds, collectively, as of October 16, 2019, is $64,934.50 plus interest and liquidated damages.

39. Livingston Food Corp. and 70 Linden Food's breaches of the Collective Bargaining Agreements and the Trust Agreements are continuing violations, entitling Plaintiffs, and each of them, to relief for the entire period the Defendants have failed to pay contributions up through expiration of the Collective Bargaining Agreements and/or entry of judgment in this matter, whichever occurs first.

## THIRD CAUSE OF ACTION
### Enforcement of Plan Terms
### [29 USC § 1132(a)(3)]

40.     Plaintiffs the Funds incorporate the allegations of Paragraphs 1 through 28 inclusive, as though set forth herein in full.

41.     The Collective Bargaining Agreements and the Trust Agreements require the Defendants to provide certain information to the Funds to ensure proper accounting of contributions and crediting of service for purposes of determining benefits.

42.     The Defendants breached the terms of the Collective Bargaining Agreements and the Trust Agreements by failing to provide the necessary and required information to ensure proper accounting of the Funds.

43.     Livingston Food Corp. and 70 Linden Food's breaches of the Collective Bargaining Agreement and the Trust Agreements are continuing violations, entitling Plaintiffs, and each of them, to relief for the entire period the Defendants have failed to pay contributions up through expiration of the Collective Bargaining Agreements and/or entry of judgment in this matter, whichever occurs first.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. An order directing each of the Defendants to pay to the Union all unpaid union dues deducted from the paychecks of those employees who authorized such deductions;

2. An order directing each of the Defendants to pay to the Funds all unpaid contributions due and owing;

3. An order directing each of the Defendants to provide to the Funds the information necessary for proper accounting of contributions and credited service of employees;

4. Interest on such unpaid contributions, pursuant to 29 U.S.C. §1132(g)(2)(B), and as set forth in the respective Trust Agreements and/or rules and regulations of the Funds;

5. The greater of interest or liquidated damages on such unpaid contributions, pursuant to 29 U.S.C. §1132(g)(2)(C);

6. Reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1);

7. An order enjoining Livingston Food Corp. and 70 Linden Food from failing to timely pay to the Union dues deducted from employees' payments;

8. An order enjoining Livingston Food Corp. and 70 Linden Food from failing to timely pay contributions to each of the Funds that become due and owing

in the future; and

    9.    Such other and proper relief that the Court deems appropriate.

Dated:  November 8, 2019          MURPHY ANDERSON PLLC

        /s/ *Mark Hanna*
        Mark Hanna
        Attorneys for Plaintiffs